ISAAC TOMERLIN v. THE STATE.

No. 21251. Delivered November 13, 1940.

The opinion states the case.

*Ivan Irwin,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a sentence of three years in the penitentiary on a charge of burglary.

According to the State's testimony, appellant and several other parties engaged in the burglary of a place of business at McCaulley, Fisher County, on November 21, 1939. The loot which was taken was transported to the City of Dallas by truck and there disposed of to different individuals under circumstances which caused some of such purchasers to be indicted for participation in the crime. All of the witnesses who connected appellant with the offense were either participants in the burglary and admittedly accomplices, or they had been indicted as such, except A. B. McDaniel, who purchased from appellant and others seventy four gallons of Pittsburgh paint of the market value of $2.50 per gallon for a total consideration of $55.00. The evidence of McDaniel, if an accomplice, would not corroborate the evidence of others who testified against appellant. However, he denied any knowledge of the fact that

the property was stolen and excused his act in purchasing it at the price which he did because, as he said, the paint was of various colors, some of which are not used frequently and that he would have no use for the paint in his business for quite a while. The court took the view that it was a question for the jury to determine as to whether or not McDaniel was an accomplice and submitted it as an issue of fact for the jury to pass upon. Appellant contends that as a matter of law McDaniel was an accomplice and that appellant should have had an instructed verdict in his favor.

In Benavides v. State, 60 S. W. (2d) 436, this court said: "It is te general rule that, where one who has taken part in the commission of an offensé endeavors by his own testimony to show his innocent intent, his relation to the crime becomes a question of fact, and the jury must be called upon to determine whether or not he is an accomplice witness * * * *."

We think this is the rule and that, though the testimony of the witness may be criticized, it, nevertheless, raises an issue for the jury to pass upon and not the court.

The indictment against appellant was returned on February 23, 1940. On February 28, following, capias was served on him while in jail in Rusk County, more than three hundred miles away. He was tried on March 4 and at the time thereof no return had been made on a subpoena which he had caused to be issued for his wife and others in Dallas County. When his case was called, proper motion was filed asking for a continuance of the case to obtain the attendance of these witnesses. The application states that the witnesses, if present, would tsetify that defendant was in Dallas County at the time of the burglary in Fisher County and could not have been in Fisher County, Texas. The motion was overruled, and on the 7th day of March one of the witnesses, Mrs. Maedell Tomerlin, made affidavit to an instrument giving as her reason for not being able to attend that she was sick and expecting the birth of a child. She also states that her husband, the appellant, was arrested in Dallas County on the next day after the date of the burglary and placed in the city jail, but released during that day. From this she fixes the date and states that she knows her husband was in Dallas during the previous days, both day and night, and stayed with her when she had no one else to take care of her and the children.

The action of the court in overruling the motion for continuance is properly brought to this court and we think the

court abused his discretion in overruling the motion. The appellant was entitled to this evidence, if his wife would so testify.

Because of the acton of the court in overruling the motion for continuance, the judgment of the trial court is reversed and the case remanded.